**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OMAR PAREDES, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:24-cv-2812-BJ |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Omar Paredes ("Paredes") seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Because the parties have consented to proceed before a magistrate judge, the undersigned has full authority under 28 U.S.C. § 636(c) to consider this appeal, including issuing a final judgment. For reasons stated herein, the decision of the Administrative Law Judge ("ALJ") is **REVERSED** and **REMANDED.**

### I.  STATEMENT OF THE CASE

Paredes filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). Paredes protectively filed his application for DIB on December 14, 2022, alleging that his disability began on September 18, 2020. (Transcript ("Tr.") 25.) After this application was denied initially and on reconsideration, Paredes filed a written request for a hearing before the Administrative Law Judge ("ALJ") on October 4, 2023. (Tr. 25.) The ALJ held a hearing on March 12, 2024, and issued a decision on May 29, 2024, denying Paredes's application for benefits. (Tr. 22.) At the hearing, the claimant amended the alleged onset date to November 11, 2021. (Tr. 25.)

1

The Appeals Council denied Paredes's request for review, leaving the ALJ's May 29, 2024, decision as the final decision of the Commissioner in Paredes's case. (Tr. 1–4.) Paredes submitted additional evidence with his request for review; however, the Appeals Counsel found that "this evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) Paredes subsequently filed this civil action seeking review of the ALJ's decision.

## I. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. §§ 401-434, and numerous regulatory provisions. *See* 20 C.F.R. Pt. 404. Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. *See* 20 C.F.R. § 404.1520. First, the claimant must not be presently engaged in any substantial gainful activity. *See id.* § 404.1520(a)(4)(i). Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572. Second, the claimant must have an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Third, disability will be found if the impairment, or combination of impairments, meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20

C.F.R. Pt. 404 Subpt. P, App. 1.  *See* 20 C.F.R. §§ 404.1520(a)(iii), (d).[1]  Fourth, if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.  20 C.F.R. §§ 404.l520(a)(4)(iv), (f). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience.  *Id.* §§ 404.l520(a)(4)(v), (g); *Crowley v. Apfel*, 197 F.3d 194, 197- 98 (5th Cir. 1999).  At steps one through four, the burden of proof rests upon the claimant to show he is disabled.  *Crowley*, 197 F.3d at 198.  If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments.  *Id.*  If the Commissioner meets his burden, it is up to the claimant to then show that he cannot perform the alternate work.  *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988) (per curiam).  Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  It is more than a mere scintilla, but less than a preponderance.  *Id.*  A finding of no substantial evidence is appropriate only if *no* credible evidentiary choices or medical findings support the decision.  *Id.* (emphasis added).  An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant is able to do notwithstanding her physical and mental limitations.  20 C.F.R. §§ 404.1520(a)(4), (e).  The claimant's RFC is used at both the fourth and fifth steps of the five-step analysis.  *Id.* § 404.1520(a)(4).  At step four, the claimant's RFC is used to determine if the claimant can still do her past relevant work.  *Id.* § 404.1520(a)(4)(iv).  At step five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work.  *Id.* § 404.1520(a)(4)(v).

long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009). This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## II. ISSUE

In his brief, Paredes presents a single issue to this Court for review: Whether the ALJ's decision is no longer supported by substantial evidence because of the evidence submitted for the first time to the Appeals Counsel. (Plaintiff's Brief ("Pl.'s Br.") at 1.)

## III. ALJ DECISION

In his May 29, 2024, decision, the ALJ found that Paredes met the insured status requirements of the SSA through December 31, 2026, and had not engaged in substantial gainful activity during the period from his alleged onset date of September 18, 2020, through his date last insured on December 31, 2026. (Tr. 27.) At Step Two, the ALJ found that Paredes suffered from the following "severe" impairments: "obesity/body mass index {BMI} over 37, discogenic and degenerative disorders of the lumbar spine w/neuropathy, major depressive disorder, post-traumatic stress disorder {PTSD}, attention deficit/hyperactivity disorder {ADHD}, and migraines." (Tr. 27 (emphasis removed) (alterations in the original).) At Step Three, the ALJ found that Paredes did not suffer from an impairment or combination of impairments that met or equaled any section in the Listing. (Tr. 28.)

As to Paredes's RFC, the ALJ stated:

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he can frequently stoop, kneel, crouch, and/or climb ramps and stairs, whereas he can occasionally balance, crawl, and/or climb ladders, ropes, or

4

scaffolds. He can hear and understand simple, oral instructions. He can occasionally work at unprotected heights, with moving mechanical parts, operating motor vehicles, in extreme cold, and/or exposed to dust, odors, fumes, and pulmonary irritants. He can perform simple, routine tasks. He can frequently interact with supervisors and/or co-workers, whereas he can occasionally do so with the public. In dealing with changes in work setting, he can make simple, work-related decisions. In addition to normal breaks, he would be off-task for 10% percent of an 8-hour workday. He would be absent from work one day monthly.

(Tr. 30 (emphasis omitted).)  Based upon this RFC assessment, the ALJ concluded that Paredes, through the date last insured, was unable to perform any past relevant work.  (Tr. 36.)  However, the ALJ found that there were jobs that existed in significant numbers in the national economy that Paredes could perform.  (Tr. 31-32.)  Consequently, the ALJ found that Paredes was not disabled.  (Tr. 32-33.)

## IV. DISCUSSION

In his brief, Parades argues that the RFC is not supported by substantial evidence.  (*See* Pl.'s Br. at 1.)  Specifically, Paredes frames the issue as follows:

RFC is a determination of the most a claimant can still do despite his limitations, and is based on all relevant evidence in the claimant's case record. The ALJ's RFC finding is not based upon all the relevant evidence in the case record. If the August 5, 2024, medical opinions of Dr. Breen, which were based upon his treatment of Paredes and his specialty, are "probative to the issue of disability," do they support the ALJ's RFC finding?

(Pl.'s Br. at 1.)

As set forth above, the ALJ found that Paredes had the RFC to perform light work with restrictions.  (Tr. 32-33.)  In coming to this RFC determination, the ALJ stated:

Dr. Robert Breen [("Dr. Breen")], the claimant's therapist, submitted a mental health summary report was in February 20[2]4, and based on his treatment from August 2023 to February 2024. He started his assessment with the conclusion that the claimant was "unemployable" based on his symptoms of PTSD, recurrent, severe major depression, and ADD, which included chronic depressed mood, loss of interest/pleasure, fatigue, inattention and restlessness, difficulties concentrating, guilt and mentation of worthlessness, unwanted memories and flashbacks, feelings of

isolation, negative thoughts and emotions, hypervigilance, exaggerated startle response, etc. He described the "myriad" medications that allowed the claimant to function daily, as well as treatment interventions including cognitive behavioral therapy, stress management, sleep procurement interventions, mild exercise, dietary restrictions, and assorted self-care directives. He described the claimant as a willing patient who attempted to respond to directives as best he could (Exhibit B-14F).

The information offered by this treating source, as an assessment based on his treatment and specialty, is probative to the issue of disability. *Regrettably, there is no clear statement of the functional limitations imposed by the described symptoms that make the claimant unemployable*, and the mere statement that the claimant is "unemployable" is unpersuasive, as statements that an individual is unable work involve an issue that is reserved to the Commissioner of the Social Security Administration. Pursuant to 20 CFR 404.1520b, this evidence inherently is neither valuable nor persuasive. Therefore, I have not provided any analysis about how such evidence was considered in this decision.

(Tr. 35 (emphasis added).)   As noted in the Appeals Council's denial of Parades' request for review, Parades submitted two additional documents for consideration.  These documents were: (1) "a medical source statement from Robert Breen, Ed.D., LPC dated August 5, 2024 (3 pages) and (2) Interrogatories from Robert Breen, Ed.D., LPC dated August 5, 2024 (4 pages)."  (Tr. 2, 8-14.)

As to the two documents presented to the Appeals Council, Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits.  20 C.F.R. §§ 404.970(b), 404.976(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331-32 (N.D. Tex. 2003).  The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant.  *Id*. The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 336-38 (5th Cir. 2005).  In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council

failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "A court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham II*, 163 F. App'x at 281-82).

Based on the foregoing, the issue before the Court is whether "the new evidence diluted the record to such an extent that the ALJ's determination became insufficiently supported." *Lee*, 2010 WL 3001904, at *8.  As noted above, the ALJ found "[t]he information offered by [Dr. Robert Breen] . . . probative to the issue of disability." (Tr. 35.)  The ALJ, further noted, that "[r]egrettably, there is no clear statement of the functional limitations imposed by the described symptoms that make the claimant unemployable[.]" (Tr. 35.)  These two documents submitted to the Appeals Council, after the ALJ made his decision, appear to be the clear statement from Dr. Breen of the functional limitations imposed by the above-described symptoms that was missing from the evidence reviewed by the ALJ. (*See* Tr. 8-14.)  This Court cannot think of a more quintessential example of "new evidence" that would "dilute[] the record to such an extent that the ALJ's determination [becomes] insufficiently supported" than evidence that the ALJ specifically stated that he wished he had.[2]  *See Lee*, 2010 WL 3001904, at *8.  Accordingly, remand is necessary for the ALJ to consider the new evidence submitted to the Appeals Counsel.

---

[2] (*See* Tr. 35.)

## V. CONCLUSION

Based on the foregoing, the Commissioner's decision is **REVERSED** and **REMANDED**

for further administrative proceedings consistent with this order.

SIGNED February 20, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE